IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tanya Young, | Case No.: 0:20-cv-1953-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Element Brand Holdings, LLC d/b/a Element Electronics, Michael O'Shaughnessy, Individually, and Carl Kennedy, Individually | |
| Defendants. | |

This matter is before the Court for review of the February 2, 2021 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' motion to dismiss and compel arbitration, ECF No. 5, be granted and Plaintiff's claims be compelled to arbitration. [ECF No. 17]. Plaintiff filed timely objections to the Report, ECF No. 20, and Defendants replied, ECF No. 21. For the following reasons, the Court adopts the Report and Recommendation, ECF No. 17, as modified by this Order.

**BACKGROUND**

On February 2, 2021, the Magistrate Judge issued a thorough Report and Recommendation. The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 17]. This Court incorporates those facts and standards without a recitation, except to clarify one point of apparent confusion. Defendants moved to dismiss this action and compel arbitration pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure and section three of the

1

Federal Arbitration Act. [ECF No. 5 p.1]; Fed. R. Civ. P. 12(b)(1), (6); 9 U.S.C. § 3. The Magistrate Judge found the motion to dismiss and compel arbitration was most properly considered a motion to dismiss for improper venue under Rule 12(b)(3). [ECF No. 17 p.4]. The Magistrate reasoned, citing pre-2013 Fourth Circuit authority, that (b)(3) was the proper subsection of Rule 12 because an arbitration clause is "a specialized kind of forum-selection clause." *Id.* While the Magistrate's choice to consider the motion under Rule 12(b)(3) had no substantive effect on the Report, it was technically erroneous.

"Prior to 2013, Rule 12(b)(3) was considered the proper vehicle by which a party may move to dismiss an action for improper venue based on a forum-selection clause." *Hyundai Merch. Marine Co. v. ConGlobal Indus., LLC*, No. 2:15-CV-01562-DCN, 2015 WL 13841411, at *3 (D.S.C. Nov. 4, 2015) (citing *Atlantic Floor Servs., Inc. v. Wal–Mart Stores, Inc.*, 334 F. Supp. 2d 875, 877 (D.S.C. 2004)). However, in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, the law changed when the Supreme Court of the United States addressed the procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause. 571 U.S. 49 (2013). In *Atlantic Marine*, the Court held that Rule 12(b)(3) allows dismissal *only* when venue is wrong or improper, a determination that "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Id*. at 577. The Court held that a forum-selection clause does not itself make venue improper. *Id.* Accordingly, dismissal under Rule 12(b)(3) is not available in this case.

Instead, the motion is best analyzed under sections three and four of the Federal Arbitration Act. 9 U.S.C. § 3-4. Section three requires a court to stay the trial of an action on issues that are subject to arbitration. 9 U.S.C. § 3. However, when every claim in a case must be submitted to arbitration, the court may dismiss the case instead of staying it. *Alford v. Dean Witter Reynolds,*

2

*Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992); *Sea–Land Service, Inc. v. Sea–Land of P.R., Inc.,* 636 F. Supp. 750, 757 (D. Puerto Rico 1986); *Sparling v. Hoffman Const. Co., Inc.,* 864 F.2d 635, 638 (9th Cir. 1988); *Hoffman v. Fidelity and Deposit Co. of Maryland,* 734 F.Supp. 192, 195 (D.N.J. 1990); *Dancu v. Coopers & Lybrand,* 778 F. Supp. 832, 835 (E.D. Pa.1991). Section four allows a district court of competent jurisdiction to compel arbitration where appropriate. 9 U.S.C. § 4. Section three empowers the court to stay or dismiss the action while section four empowers the court to compel arbitration. Therefore, Defendants' motion to dismiss and compel arbitration is best analyzed under sections three and four of the Federal Arbitration Act. Despite the Magistrate's consideration of the motion under 12(b)(3), the legal standard is the same: if every claim in this action must be submitted to arbitration, the court will dismiss the case without prejudice and compel arbitration.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Plaintiff's specific objections are as follows:

> [Plaintiff] respectfully raises the following specific objections to certain findings and conclusions in the R&R:
>
> 1. That a valid agreement to arbitrate exists as to all claims set forth in Plaintiff's Complaint and that Plaintiff did not satisfy her burden of coming forth with sufficient facts to support her position challenging the continued existence and enforceability of the arbitration agreement contained in her original Employment Agreement;
>
> 2. That the Separation Agreement does not contain a merger clause evidencing novation;

    3. That *UBS Fin. Servs., Inc. v. Carilion Clinic*, 706 F.3d 319 (4th Cir. 2013) is instructive and requires that certain "magic" words must be present in a subsequent agreement to establish novation; and

    4. That, even if a valid arbitration agreement exists, Plaintiff's claim that she was fraudulently induced into entering the Separation Agreement (which does not contain an arbitration provision and, instead, contains a provision for exclusive adjudication of its terms in South Carolina courts) is within the scope of arbitrable claims and should be decided by the arbitrator.

[ECF No. 20 pp.1-2]. The Court will make a *de novo* determination of these portions of the Report.

**I.     The Separation Agreement does not Rescind, Supersede, Displace, or Waive the Parties' Obligation to Arbitrate Claims within the Scope of the Employment Agreement**

Plaintiff's first three objections are related and treated under a single heading in Plaintiff's filing. *See* [ECF No. 20 p.3]. Plaintiff objects to the Magistrate Judge's finding that the arbitration provision in the parties' original Employment Agreement survived the parties' subsequent Separation Agreement. *Id.* These objections require a *de novo* determination of how the subsequent Separation Agreement affected the arbitration provision in the parties' original Employment Agreement.

Plaintiff contends that the Separation Agreement constituted a novation of the original Employment agreement, which contained the arbitration clause. *Id.* at 9. Under South Carolina Law, a novation is a mutual agreement between all concerned parties for the discharge of a valid, existing obligation by the substitution of a new valid obligation. *Laidlaw Env't Servs., (TOC), Inc. v. Honeywell, Inc.*, 966 F. Supp. 1401, 1410 (D.S.C. 1996), *aff'd,* 113 F.3d 1232 (4th Cir. 1997) (citing *Superior Automobile Ins. Co. v. Maners,* 261 S.C. 257, 199 S.E.2d 719, 722 (1973) (per curiam)). If the Separation Agreement discharged the arbitration provision in the Employment Agreement by novation, no valid and enforceable agreement to arbitrate exists between the parties.

5

To establish a novation, Plaintiff must prove, by a preponderance of the evidence, (1) the existence of a previous valid obligation, (2) agreement of all parties to the new contract, (3) extinguishment of the old obligation, and (4) the making of a valid new contract. *Laidlaw*, 966 F. Supp. at 1410 (citing *Callaham v. Ridgeway*, 138 S.C. 10, 135 S.E. 649 (1962). In proving these elements, the parties' intent to form an entirely new contract is of paramount importance. *Laidlaw*, 966 F. Supp at 1410. Both parties must intend to create a novation. *Magneti Marelli Powertrain USA LLC v. Pierburg, Inc.,* No. 08-CV-670-GRA, 2008 WL 11463530, at *3 (D.S.C. July 9, 2008). In addition to examining the parties' intent to create a novation, the court examines any terms used in the purportedly new contract as well as the surrounding circumstances. *Laidlaw*, 966 F. Supp at 1410. The circumstances attending the transaction alleged to be a novation must show the intention to substitute a new obligation in place of the existing one. *Magneti Marelli*, 2008 WL 1146530, at *3.

Plaintiff identifies specific language in the Separation Agreement in support of her argument that it was intended to be a novation. *See* [ECF No. 20 pp.5-7]. Plaintiff argues that language in paragraphs two, twelve, thirteen, and fourteen of the Separation Agreement shows the parties intended it to be a novation. *Id.* at 7.

### A. Paragraph Twelve of the Separation Agreement is Not a Merger Clause and Does Not Constitute a Novation of the Employment Agreement

In her argument for novation, Plaintiff places particular emphasis on paragraph twelve of the Separation Agreement. *Id.* Plaintiff contends paragraph twelve is a merger clause directly evidencing the parties' intention that the Separation Agreement superseded or novated the Employment Agreement. *Id.*

Paragraph twelve of the Separation Agreement states:

> <u>No Other Agreements.</u>  Employee affirms that the only consideration for Employee's execution of this Agreement are the terms stated herein, that this Agreement cannot be orally changed or terminated, that there are no other promises or agreements of any kind which have caused Employee to execute this instrument, and that Employee fully understands the meaning and intent of this Agreement, including but not limited to its final and binding effect.

[ECF No. 7-2].  Plaintiff argues that this paragraph is a merger clause that supersedes any and all prior agreements and understandings.  [ECF No. 20 p.8].  Plaintiff concedes that this paragraph does not use the exact language "supersedes any and all prior agreements and understandings," but maintains that it is still unequivocal in its expression that the Separation Agreement is the sole governing agreement.  *Id.*

The Magistrate Judge disagreed.  [ECF No. 17 p.9].  The Magistrate Judge found that the Separation Agreement does not state that it contains all the agreements regarding Plaintiff's employment, nor does it state that it supersedes any and all prior agreements.  *Id.*  Instead, it provides only that Plaintiff did not rely on any other provisions or agreements in deciding to enter into the Separation Agreement.  *Id.*  The Magistrate Judge, therefore, concluded that paragraph twelve is not a merger clause and found the language insufficient to create a novation of the prior Employment Agreement.  *Id.*

After a *de novo* review, this Court agrees with and adopts the Magistrate Judge's finding and reasoning in the Report.  The Magistrate Judge engaged in a thorough comparison to cases where courts found that a merger clause superseded prior agreements between parties.  *See id.* at 7-8.  In each of those cases, the agreement at issue featured language explicitly stating it contained all of the agreements related to the subject matter or a statement that it superseded all prior agreements.  *See Davis v. KB Home of S.C., Inc*, 394 S.C. 116, 713 S.E.2d 799, 805-06 (S.C. Ct. App. 2011), *aff'd in pertinent part, vacated in part*, No. 2011-199587, 2014 WL 2535489 (S.C. Jan. 29, 2014); *Slack v. James*, 364 S.C. 609, 614 S.E.2d 636 (2005); *Redwend Ltd. P'ship v. Edwards*, 354 S.C.

469, 471, 581 S.E.2d 496, 502 (Ct. App. 2003); *Lingefelt v. Forest Hills Homes, Inc.*, 305 S.C. 197, 200, 406 S.E.2d 394, 396 (Ct. App. 1991); *Gustilo v. Nhin Thi Tang*, No. 2008-UP-212, 2008 WL 9841240, at *8 (S.C. Ct. App. Apr. 4, 2008). Here, as Plaintiff appears to concede, no such explicit language is present.

Nevertheless, Plaintiff argues that paragraph twelve of the Separation Agreement is a merger clause. [ECF No. 20 p.8]. Plaintiff contends that the Magistrate Judge's finding to the contrary places "form over substance." *Id.* Despite the lack of direct language, Plaintiff argues, paragraph twelve of the Separation Agreement is substantively a merger clause. *Id.* The Court disagrees. A plain reading of paragraph twelve supports the Magistrate Judge's conclusion that it ensures only that Plaintiff did not rely on any other promises or agreements in deciding to enter the Separation Agreement. In other words, this is a non-reliance clause rather than a merger clause. Paragraph twelve states, in part, "Employee affirms . . . that there are no other promises or agreements of any kind **which have caused Employee to execute this instrument**." [ECF No. 2-7] (emphasis added). The plain language of the paragraph includes nothing about the Separation Agreement being the sole agreement between the parties or that all prior agreements are merged into it. This is more than a failure to include certain "magic words" as Plaintiff suggests. [ECF No. 7]. The lack of reference to the substantive function of a merger clause shows that the parties intended a non-reliance clause instead. Accordingly, the Court finds that paragraph twelve of the Separation Agreement does not create a novation of the prior Employment Agreement.

> **B.**  **The Separation Agreement's Forum Selection Clause and Waiver of Jury Trial do not Supersede the Arbitration Clause Explicitly or by Implication**

Plaintiff also points to paragraphs thirteen and fourteen of the Separation Agreement as evidence of novation. [ECF No. 20 p.7]. Paragraph thirteen is a waiver of jury trial and paragraph fourteen provides for exclusive jurisdiction in the federal and state courts of South Carolina (i.e., paragraph fourteen is a forum selection clause). [ECF No. 2-7]. Paragraphs thirteen and fourteen state:

> 13. Waiver of Jury Trial. IT IS MUTUALLY AGREED BY THE PARTIES HERETO THAT THEY DO HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, BROUGHT BY ANY OF THE PARTIES HERETO AGAINST ANY OTHER PARTY ON ANY MATTERS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT.
>
> 14. Governing Law and Jurisdiction. The Agreement is made in the State of South Carolina, shall be governed, construed and regulated under and by the laws of the State of South Carolina, without regard to its choice of law requirements, and shall inure to the benefit of, and be binding upon and enforceable by, the parties hereto, their heirs and personal representatives, and all Released Parties. Jurisdiction and venue for enforcement and prosecution of the Agreement or any of its terms or for indemnification lie exclusively in the federal and state courts of South Carolina. The parties to the Agreement consent to the personal jurisdiction and venue of such South Carolina courts, including, without limitation, the claim or defense that such courts constitute an inconvenient forum, and to the service of process by any manner provided by South Carolina law.

[ECF No. 2-7].

Plaintiff argues that these paragraphs are inconsistent with an existing arbitration agreement and are, therefore, persuasive evidence of novation. *See* [ECF No. 20 p.7]. The Magistrate Judge disagreed. [ECF No. 17 p.9]. The Magistrate Judge found the Fourth Circuit's analysis in *UBS Financial Services, Inc. v. Carilion Clinic* instructive. 706 F.3d 319 (4th Cir. 2013). In *UBS*, the Fourth Circuit held that the obligation to arbitrate under a standing FINRA Rule can be superseded and displaced by a more specific agreement between the parties. *Id.* at 328. The court held that

9

any such provision "must be sufficiently specific to impute to the contracting parties the reasonable expectation that they are superseding, displacing, or waiving the arbitration obligation." *Id.* The court went on to hold that a forum selection clause that did not mention arbitration was insufficient to supersede or displace the obligation to arbitrate under the standing FINRA Rule. *Id.* at 330.

The Magistrate Judge noted that the forum selection clause here, like the forum selection clause in *UBS*, does not mention arbitration. [ECF No. 17 p. 10]. Accordingly, the Magistrate Judge determined that the forum selection clause is insufficient to supersede the obligation to arbitrate because it fails to put the parties on notice that they are superseding, displacing, or waiving the arbitration agreement. *Id.* at 11. The forum selection clause is, therefore, insufficient to show the parties intended it to be a novation. *Id.* Plaintiff argues that the Magistrate Judge's reliance on *UBS* was misplaced. [ECF No. 20 p.9]. This is so, according to Plaintiff, because *UBS* concerned what was required for parties to contract around a FINRA Rule permitting arbitration. *Id.* at 10. *UBS* does not concern two successive agreements, nor does it address the concept of novation. *Id.*

The Court finds that the Magistrate Judge correctly found that the forum selection clause was insufficient to show novation and properly considered *UBS* in coming to this conclusion. While *UBS* presented a different set of facts, its analysis provides useful guidance. The *UBS* court considered what level of specificity was required to impute to the contracting parties that they were superseding, displacing, or waiving an arbitration obligation. *UBS*, 706 F.3d at 328. That inquiry is relevant to the ultimate question here: did the parties intend the Separation Agreement to be a novation? The *UBS* court found that "one would reasonably expect a clause designed to supersede, displace, or waive arbitration would mention arbitration." *Id.* at 329. Similarly, if the parties in this case intended to novate an arbitration agreement, one would expect their subsequent agreement to mention arbitration.

10

Further, the *UBS* court addressed the question of whether a forum selection clause is inconsistent with an arbitration agreement such that it supersedes the arbitration agreement by implication. *Id.* It found that it does not. *Id.* That is the same argument Plaintiff advances in support of novation here. *See, e.g,* [ECF No. 20 p.7] ("[T]he parties <u>intended</u> the Separation Agreement to be the governing agreement with respect to Plaintiff's employment and termination thereof, and that they utilized an exclusive adjudication provision <u>rather than</u> an arbitration agreement to resolve any employment-related claims or disputes related thereto.") The *UBS* court held that a more natural reading of the forum selection clause was that any *litigation* arising out of the agreement would have to be brought pursuant to the forum selection clause, *UBS*, 706 F.3d at 330, leaving the arbitration agreement undisturbed. That is the same result the Magistrate Judge reached in this case, and it is the one this Court adopts after a *de novo* review. Accordingly, the Court finds the forum selection and jury waiver clauses in the Separation Agreement insufficient to show novation.

   **C.**  **The Language in Paragraph Two of the Separation Agreement is Insufficient to Show Novation**

Plaintiff also identifies language in paragraph two of the Separation Agreement describing the release of claims as evidence that the parties intended the Separation Agreement to be a novation. [ECF No. 20 p.7]. Paragraph two states that Plaintiff releases all claims against the Defendant. [ECF No. 2-7]. This includes claims arising from or pertaining to any "employment relationship, conduct, act or omission, or any other matter or event existing or occurring at any time prior to the date hereof, including but not limited to matters arising from Employee's employment with company or the termination thereof. . . or based on any term or condition of his or her former employment, and breach of employment contract (including any handbook, policy or procedure). . ." *Id.*

Plaintiff does not base any novation argument on the language in paragraph two specifically. *See* [ECF No. 20]. Instead, it appears paragraph two is included to provide context and terms that may suggest intent to novate. Paragraph two is only a release of claims against Defendant and does not mention or allude to arbitration. [ECF No. 2-7]. While its scope seems to cover claims that might otherwise be subject to arbitration, this is not persuasive evidence of novation. No language in the paragraph suggests the parties intended to rescind the Employment Agreement or its arbitration clause. To the extent this paragraph was included in Plaintiff's objections to provide circumstantial evidence of novation, the Court finds it unpersuasive. Nothing in paragraph two shows that the parties' intended the Separation Agreement to be a novation.

The Court finds that Plaintiff has not shown the parties intended a novation by entering into the Separation Agreement. Therefore, the arbitration provision in the Employment Agreement survived the creation of the subsequent Separation Agreement. Accordingly, all claims that fall within the scope of the arbitration provision in the Employment Agreement must be submitted to arbitration.

**II.     Plaintiff's Fraudulent Inducement Claim Falls Within the Scope of the Arbitration Provision**

Plaintiff objects to the Magistrate Judge's finding that the arbitration provision applies to her claim that the Separation Agreement was fraudulently induced. [ECF No 20 p.10]. Plaintiff argues (1) that her fraudulent inducement claim relates to contract formation and therefore is a matter for the Court to decide, not an arbitrator, and (2) the fraudulent inducement claim is covered by the Separation Agreement's exclusive adjudication provision. *Id.*

> **A.  Claims Related to Formation of the Separation Agreement can be Arbitrated Because they do Not Challenge the Existence of the Contract Containing the Arbitration Clause**

It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010). Where the dispute at issue concerns contract formation, the dispute is generally for a court to decide. *Id.* The rationale for this rule is simple: arbitrators derive their authority to resolve disputes from a contract; if an arbitration agreement is unenforceable, the arbitrator has no authority. *See id.*

Here, Plaintiff is claiming that the Separation Agreement was fraudulently induced. The Separation Agreement does not contain the arbitration provision; the Employment Agreement does. Therefore, the arbitrator's authority derives from the Employment Agreement not the Separation Agreement. The validity of the Separation Agreement has no effect on the arbitrator's authority, so it is not a dispute that only a court may decide. The fact that Plaintiff's fraudulent inducement claim concerns contract formation does not preclude its submission to an arbitrator in this case.

> **B.  Plaintiff's Claim that the Separation Agreement was Fraudulently Induced Falls Outside its Exclusive Adjudication Provision**

Plaintiff argues that her fraudulent inducement claim falls within the Separation Agreement's exclusive adjudication provision (or forum selection clause). [ECF No. 20 p. 13]. Therefore, Plaintiff argues, her claim for fraudulent inducement must be litigated in South Carolina state and federal courts. *Id.* The forum selection clause applies to "enforcement and prosecution of the [Separation] Agreement or any of its terms or for indemnification. . ." [ECF No. 2-7]. The Magistrate Judge found that the fraudulent inducement claim was not subject to the forum selection

clause because it was not related to "enforcement" or "prosecution" of the Separation Agreement. [ECF No. 17 p.12].

Plaintiff contends that the Magistrate Judge's reading of "enforcement" is too narrow. [ECF No. 20 p.13]. According to Plaintiff, "enforcement" should include her claim that the agreement is voidable. *Id.* She characterizes her claim merely as a challenge to enforceability. *Id.* Plaintiff argues that a construction of "enforcement" that does not include fraudulent inducement would "lead to the absurd result that Defendants are bound to exclusively litigate the enforceability of the Separation Agreement in South Carolina courts while Plaintiff is exclusively bound to adjudicate the lack of enforceability in arbitration." *Id.*

While Plaintiff characterizes her claim as challenging the enforceability of the Separation Agreement, that is not the case. As Plaintiff admits, she does not claim the Separation Agreement is void *ab initio*—meaning that it is incapable of being enforced by courts. [ECF No. 14 p.12]. Instead, she claims that the Separation Agreement is *voidable* because it was procured by fraud. *Id.* Unlike a void contract, a voidable contract is one under which a party, usually a victim of some wrong by another party, *may* elect to avoid any legal obligations. 1 Williston on Contracts § 1:20 (4th ed.). If the party does not elect to avoid the legal obligations, the contract is enforceable. *Id.*

This distinction makes it clear that the Magistrate Judge's analysis was correct. Plaintiff's claim is not a challenge to enforceability. It is an attempt to avoid the terms of the Separation Agreement. [ECF No. 17 p.12]. Such a cause of action cannot be said to be an "enforcement" of the agreement based on the plain, ordinary, and popular meaning of the word. Accordingly, Plaintiff's claim that the Separation Agreement was fraudulently induced is not subject to the forum selection clause. The fraudulent inducement claim is, therefore, subject to arbitration.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 17, as modified and incorporates it by reference herein. For the reasons discussed above, all Plaintiff's claims must be arbitrated as agreed upon by the parties in the Employment Agreement. Accordingly, Defendants' motion to dismiss and compel arbitration, ECF No. 5, is granted. This action is dismissed without prejudice and Plaintiff's claims are compelled to arbitration pursuant to 9 U.S.C. § 4.

**IT IS SO ORDERED.**

March 25, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge